UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OMAR KHATTIM ALI, #462773,

       Plaintiff,                                   Case No. 19-cv-13613
                                                        Hon. Matthew F. Leitman

v.

JUDGE BRENNAN,

       Defendant.
_____/

## ORDER (1) SUMMARILY DISMISSING COMPLAINT (ECF NO. 1) AND (2) CERTIFYING THAT AN APPEAL CANNOT BE TAKEN IN GOOD FAITH

**I**

Plaintiff Omar Khattim Ali is a state prisoner currently confined at the Chippewa Correctional Facility in Kincheloe, Michigan. On December 9, 2019, Ali, proceeding *pro se*, filed this civil-rights action pursuant to 42 U.S.C. § 1983 against (former) Livingston County District Court Judge Theresa Brennan. (*See* Compl., ECF No. 1.) Ali seeks monetary damages and injunctive relief. (*See id.*)

**II**

On December 16, 2019, the Court granted Ali's application to proceed *in forma puaperis* in this action. (*See* Order, ECF No. 4.) Under the Prison Litigation Reform Act of 1996, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous

1

or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees that it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A court should construe a *pro se* civil rights complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it does require more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). This standard applies fully to complaints filed by *pro se* filers. *See*, *e.g.*, *Hill v. Lappin*, 630 F.3d 468, 470–471 (6th Cir. 2010) (holding that the dismissal standard of *Iqbal* applies to a Court's review of a complaint under § 1915(e)(2)(B) for failure to state a claim).

To state a civil-rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009). Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent. *See Davidson v. Cannon*, 474 U.S. 344, 348 (1986).

### III

Ali names Judge Brennan as the sole Defendant in this action. Ali's Complaint, however, in unclear as to the specific allegations of unconstitutional conduct by Judge Brennan. Simply put, Ali's Complaint does not satisfy the pleading requirements of Rule 8(a) discussed above. Rather, his Complaint is rambling, full of legalese, lacks specificity as to potentially discernible factual allegations, and is difficult to follow. Ali fails to plead a clear and concise statement

of factual allegations of unconstitutional conduct against Judge Brennan (or any others referenced in his pleadings). Ali's Complaint is therefore subject to dismissal under Rule 8 and *Iqbal*.

Moreover, to the extent that Ali attempts to allege a violation of his Eighth Amendment rights – though Ali's Complaint is far from clear, he appears to allege that his received inadequate medical care, was deprived of the use of a bath and shower, was deprived for some period of time from using the bathroom, was required to wear the same underwear for weeks at a time, and was put in four-point restraints – he fails to allege facts which could tend to establish that Judge Brennan (the only named Defendant) has any connection to those actions. It is well-settled that a civil-rights plaintiff must allege the personal involvement of a defendant to state a claim under § 1983 and that liability cannot be based upon a theory of *respondeat superior* or vicarious liability. *See Monell v. Department of Social Svs.*, 436 U.S. 658, 691-92 (1978). Furthermore, while Ali lists other people, facilities, and prison positions in his Complaint, he does not name any of these individuals or entities as Defendants, nor does he link them to specific factual allegations concerning his conditions of confinement or otherwise state potential claims against them. Conclusory allegations are insufficient to state a civil-rights claim under § 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57. Thus, Ali fails to state a claim upon which relief may be granted.

## IV

For all of the reasons stated above, the Court concludes that Ali fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Accordingly, the Court **DISMISSES WITH PREJUDICE** Ali's civil-rights Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

Finally, the Court certifies that an appeal from this decision cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.

> s/Matthew F. Leitman
> MATTHEW F. LEITMAN
> UNITED STATES DISTRICT JUDGE

Dated: December 20, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on December 20, 2019, by electronic means and/or ordinary mail.

> s/Holly A. Monda
> Case Manager
> (810) 341-9764